UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALMA SALGADO,

Plaintiff,

v.

DOLLAR TREE STORES, INC.,

Defendant.

No. 2:26-cv-02404-DAD-JDP

ORDER REJECTING STIPULATION TO LIMIT DAMAGES AND REMAND

(Doc. No. 6)

On August 28, 2026, the parties filed a stipulation with this court purporting to limit plaintiff's damages and remand this action to the Sacramento County Superior Court. (Doc. No. 6.) More specifically, the parties agreed in their stipulation to cap plaintiff's damages at $74,999.99. (*Id.* at 2.) The parties then state that in light of this agreement, "subject matter jurisdiction is lacking." (*Id.*)

The court cannot adopt the parties' stipulation in this regard. It has long been accepted that where "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also Olivas v. Standard Fire Ins. Co.*, No. 1:25-cv-02018-JLT-CDB, 2026 WL 1786431, at *4 (E.D. Cal. June 22, 2026) (same). This is because "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in

controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.), *opinion amended on denial of reh'g,* 201 F.3d 1186 (9th Cir. 1999); *see also Whitehurst v. Dollar Tree Stores, Inc.*, No. 2:21-cv-01986-KJM-DMC, 2022 WL 462937, at *1 (E.D. Cal. Feb. 15, 2022) ("Jurisdiction must be analyzed based on the pleadings on file at the time of removal.").[1]

In 2013, the Supreme Court, on its way to finding that the plaintiff could not bind the class with a stipulation capping the amount in controversy, noted that "federal courts permit *individual* plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (emphasis added). As a result, there developed a split among district courts within the Ninth Circuit regarding whether post-removal stipulations to cap damages can deprive the court of jurisdiction. *See Winkle v. Wal-Mart Stores, Inc.*, No. 2:19-cv-00411-SAB, 2020 WL 908116, at *2 (E.D. Wash. Feb. 25, 2020) (collecting cases).

In *Knowles*, the Supreme Court was faced with an allegation of the plaintiffs' complaint addressing the damages sought in the action. 568 U.S. at 591 ("In describing the relief sought, the complaint says that the 'Plaintiff and Class stipulate they will seek to recover total aggregate damages of less than five million dollars.'"). In the undersigned's view, the Supreme Court's description of the allegations of the complaint in *Knowles* as the plaintiffs' "stipulation" to cap damages does not mean that *post*-removal stipulations between the parties are capable of divesting the federal court of diversity jurisdiction. *See Whitehurst*, 2022 WL 462937, at *1 ("Thus, because the court is limited to reviewing the pleadings on file in state court at the time the case was removed, the parties' post-removal damages cap cannot divest this court of

/////

/////

[1] Of course, "a post-removal stipulation demonstrating that the amount in controversy was $75,000 or less at the time of removal may be sufficient to show lack of jurisdiction." *Whitehurst*, 2022 WL 462937, at *1.

jurisdiction."). Accordingly, the court finds that the decision in *Knowles* does not disrupt the long-standing precedent discussed above.

Accordingly, the court rejects the parties' stipulation (Doc. No. 6) without prejudice.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE